Elliot, J.
(dissenting and voting to modify the sentence by reducing it to a term of 364 days’ incarceration in the following memorandum). Under the circumstances of this case, I agree with defense counsel and the District Attorney that the court should invoke its interest of justice power and modify the sentence, as requested, to 364 days’ incarceration.
In this case, defendant evaded a subway fare and is alleged to have pushed a police officer to escape, resulting in the officer spraining his knee. Defendant pleaded guilty to theft of services (Penal Law § 165.15 [3]) and was sentenced to an agreed-upon term of one year, to run concurrently with a one-year sentence imposed under indictment No. 592/2010.
*65 At the time of sentencing, defendant’s attorney indicated that, based upon representations made by defendant, defendant was a citizen and there were therefore no immigration consequences to his plea. Further, the probation report in connection with the instant charge indicates that defendant represented to the Probation Department that he was born in Brooklyn, New York. Nevertheless, it now appears that defendant is not a United States citizen and makes this application to reduce his sentence in order to be relieved of the immigration consequences of his acts.
We are, in this case, limited to the sparse record below. However, all of those who had substantial contact with defendant, to wit, the Supreme Court on resentencing defendant to 364 days’ incarceration, and notably the District Attorney, are in accord that, under the circumstances surrounding this defendant, modification of the sentence is appropriate. Notably, the People advise in their brief that “the interest[s] of justice compel that [defendant’s] sentence be modified to three-hundred and sixty-four days, one day less than the original one-year sentence.” The People add,
“As the [Supreme] [C]ourt determined in defendant’s case under [i]ndictment Number 592/2010, defendant has a minimal criminal history and the consequences for a misdemeanor conviction, as in this case, would be extreme under the circumstances here. Accordingly, the People request that this court invoke its interest of justice jurisdiction . . . and order that defendant’s sentence be modified to three-hundred and sixty-four days.”
I believe that, under the circumstances of this case, this court should invoke its interest of justice power to modify the sentence. Accordingly, I respectfully dissent and vote to modify the sentence as requested.
Pesce, P.J., and Aliotta, J., concur; Elliot, J., dissents in a separate memorandum.